IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-27,881-08, -09 & -10






EX PARTE RONALD DAVID SUTHERLAND, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 49009-B, 49137-B & 49522-B IN THE 78TH DISTRICT COURT


FROM WICHITA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of twelve
counts of burglary of a building and sentenced to fifteen years' imprisonment on each count. The
Second Court of Appeals dismissed his appeals. Sutherland v. State, Nos. 02-10-00213-CR, 02-10-00214-CR & 02-10-00215-CR (Tex. App.--Fort Worth 2010, pet. ref'd).

 Applicant contends, among other things, that trial counsel: (1) advised him that the
punishment range was 180 days to 2 years; (2) was not present at a pretrial conference and motion
to suppress hearing; (3) actively represented conflicting interests; (4) failed to litigate a suppression
motion; and (5) was unprepared for trial and told Applicant he had not been paid enough to go to
trial. Applicant also contends that he was denied retained counsel of choice and was constructively
denied counsel.

 On November 21, 2012, we remanded these applications for a response from counsel and
findings of fact and conclusions of law from the trial court. On remand, after holding live
evidentiary hearings, the trial court found, among other things, that counsel was not prepared for trial
and that, as a result, Applicant was effectively without counsel when he pleaded guilty and that his
pleas were not the products of an informed decision. The trial court recommended that we grant
relief.

 We are not able to determine from the record whether the trial court's recommendation is
based on United States v. Cronic, 466 U.S. 648 (1984), or Strickland v. Washington, 466 U.S. 668
(1984). Accordingly, the trial court shall determine whether Applicant was constructively denied
counsel. Cronic, 446 U.S. at 658-59. The trial court shall also determine whether Applicant would
have pleaded not guilty and insisted on a trial but for counsel's failure to prepare for trial. Hill v.
Lockhart, 474 U.S. 52, 59 (1985). (1) Finally, the trial court shall determine whether Applicant was
denied retained counsel of choice. United States v. Gonzalez-Lopez, 548 U.S. 140 (2006). The trial
court may order further responses from Applicant and counsel. The trial court shall make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the issues. The
issues shall be resolved within 30 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 60 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: June 26, 2013

Do not publish

1. This prejudice inquiry closely resembles the prejudice inquiry after a defendant pleads
not guilty and goes to trial: 


 For example, where the alleged error of counsel is a failure to investigate or discover
potentially exculpatory evidence, the determination whether the error "prejudiced"
the defendant by causing him to plead guilty rather than go to trial will depend on the
likelihood that discovery of the evidence would have led counsel to change his
recommendation as to the plea. This assessment, in turn, will depend in large part on
a prediction whether the evidence likely would have changed the outcome of a trial.


Hill, 474 U.S. at 59.